DICKSON, Justice,
dissenting.
Acknowledging the historic common-law right to reasonably resist unlawful entry by police officers, the majority tethers its abrogation of this right on (a) modern developments that have diminished the dangers of arrest at common law (e.g., indefinite detention, lack of bail, disease-infested prisons, physical torture), (b) the desire to minimize the risk of the level of violence and risk of injuries, and (c) the rights of police to enter a home even without a warrant under certain circumstances. But the consistent existence of and adherence to many of these factors unfortunately remains less than ideal. Courts continue to see claims alleging excessive preliminary detention, failure to promptly set bail, and excessive use of force by police.
In my view, the wholesale abrogation of the historic right of a person to reasonably resist unlawful police entry into his dwelling is unwarranted and unnecessarily broad. The case before us involves police action in response to a report of domestic violence in progress. Such events present a heightened urgency for police presence for the protection of the dwelling’s occupants and to diffuse enraged emotions and animosity. It would have been preferable, in my view, for the Court today to have taken a more narrow approach, construing the right to resist unlawful police entry, which extends only to reasonable resistance, by deeming unreasonable a person’s resistance to police entry in the course of investigating reports of domestic violence. Such a formulation would have been more appropriate for the facts presented and more consistent with principles of judicial restraint. Such a more cautious revision of the common law would have, in cases not involving domestic violence, left in place the historic right of people to reasonably resist unlawful police entry into their dwellings.